Submitted on record and briefs November 3, reversed December 20, 2006

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH R. ROWE,
*Appellant.*

Z1414778; A128400

150 P3d 48

Joseph R. Rowe filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

### HASELTON, P. J.

Defendant appeals his convictions for impeding traffic, ORS 811.130, and failure to obey a police officer, ORS 811.535, raising various challenges. Because the state concedes that it failed to prove that defendant committed either violation and because we find that concession to be well founded, we reverse defendant's convictions.

We set forth the evidence in the light most favorable to the state. ORS 153.121(2). Defendant participated in a demonstration held by a group of bicyclists in Portland on September 24, 2004. Officers Fort and Sessum observed defendant standing next to his bicycle on a sidewalk. The officers were concerned that the sidewalk was being blocked by pedestrians and bicycles. Sessum told defendant to "move along, please, because we need to keep the sidewalk clear." When defendant asked why, Sessum responded that, if defendant did not move along, he would be cited for failure to obey a police officer. Defendant did not move, and Sessum cited him for violation of ORS 811.130 and ORS 811.535.

ORS 811.130(1) provides:

> "A person commits the offense of impeding traffic if the person drives a motor vehicle or a combination of motor vehicles in a manner that impedes or blocks the normal and reasonable movement of traffic."

ORS 814.400(1) provides, in part, that a person "riding a bicycle upon a public way is subject to the provisions applicable to and has the same rights and duties as the driver of any other vehicle." The state acknowledges that it is debatable whether the reference to "normal and reasonable movement of traffic" in ORS 811.130(1), or the reference to "a public way" in ORS 814.400, would even apply to a sidewalk. *See generally* ORS 814.410(2) (generally, a bicyclist on a sidewalk "has the same rights and duties as a pedestrian on a sidewalk"). However, it is not necessary for us to reach those issues, because, as the state acknowledges, there was no evidence that defendant was "riding a bicycle." ORS 814.400. That is, the state acknowledges that ORS 811.130 has no potential application to a person—like defendant—who merely stands next to a bicycle that is not moving. We agree.

Consequently, the trial court erred in concluding that defendant violated ORS 811.130(1).

With respect to failure to obey a police officer, ORS 811.535(1) provides, in part:

"A person commits the offense of failing to obey a police officer if the person refuses or fails to comply with any lawful order, signal or direction of a police officer who:

"* * * * *

"(b) Has lawful authority to direct, control or regulate traffic."

The state acknowledges that, in *State v. Ausmus*, 336 Or 493, 504, 85 P3d 864 (2004), the court held that "lawful order," as used in ORS 166.025(1), the disorderly conduct statute, means an order "that a police officer issues and that is authorized by, and is not contrary to, substantive law." The state further acknowledges that, in light of its concession that defendant was not impeding traffic, ORS 811.130, it can identify no authorization in substantive law that would apply to the officer's order that defendant "move along." Again, we agree and accept the concession.

Reversed.